COWART, Judge.
This is an appeal from a conviction for trafficking in stolen property. The point on appeal urged by the appellant involves the state’s rebuttal witness being allowed to testify, even though allegedly he was not a listed witness in accordance with Florida Rule of Criminal Procedure 3.220.
The state furnished a witness list to appellant which had the name “June Counts” and address “7991 S.E. 3rd Avenue, Ocala, Florida” listed. A person by the name of June Counts, Jr. with a 7th Avenue address testified during the state’s case in chief. There was no objection by the appellant to this witness’ testimony. On rebuttal the state called June Counts III to testify. He lived at the 3rd Avenue address. The appellant objected to this witness testifying and seeks our reversal saying the court abused its discretion in allowing the testimony without first conducting a Richardson[1] inquiry to determine whether appellant was prejudiced by the alleged discovery violation.
As can be seen by careful analysis, which the appellant failed to do both at trial and on appeal, the first June Counts “Jr. from 7th Avenue” was the one about whom the objection, if any, should have been made, rather than the June Counts who lived on 3rd Avenue and whose name and address were listed on the witness list.
The conviction is affirmed.
AFFIRMED.
DAUKSCH, C. J., and COBB, J., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).